Cite as 2024 Ark. App. 361

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-24-25

| | |
|---|---|
| CHEROKEE NATION OF OKLAHOMA<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES, MINOR CHILD,<br>HEATH BURGER, AND KARI BURGER<br>APPELLEES | Opinion Delivered May 29, 2024<br><br>APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT, FORT<br>SMITH DISTRICT<br>[NO. 66FJV-21-352]<br><br>HONORABLE DIANNA HEWITT<br>LADD, JUDGE<br><br>MOTION GRANTED; APPEAL<br>DISMISSED |

**WAYMOND M. BROWN, Judge**

Appellant the Cherokee Nation of Oklahoma (Cherokee Nation) appeals an order of

the Sebastian County Circuit Court granting intervenors Heath Burger and Kari Burger's

motion for good cause to deviate from the placement preferences found under the Indian

Child Welfare Act (ICWA). The order was initially filed on October 16, 2023, and was

amended on November 6 to include a Rule 54(b) certification. Appellant timely appealed,

and the record was lodged on January 22, 2024. Appellant tendered its brief on March 12.[1]

This court issued an opinion in a related case on March 13, whereby we stated:

> We hold that the circuit court clearly erred by changing the case's goal to solely
> adoption following termination in contravention of the preferences mandated by the

---

[1]Appellant argues that intervention by the foster parents and the finding of good
cause to deviate from the ICWA placement preferences should be reversed and dismissed.

ICWA. Accordingly, we reverse and remand the permanency-planning order for the circuit court to follow the standards as required under the ICWA and to enter an order consistent with this opinion. Because we reverse and remand on this issue, we necessarily also reverse any subsequent orders entered by the circuit court in this case.[2]

The mandate was issued on March 26. That same day, the Cherokee Nation filed a motion for expedited ruling, for reversal and dismissal, and to stay briefing schedule. The attorney ad litem filed a letter on March 29 stating that based on our recent decision in *Elkins*, she did not intend to file a brief and that she did not object to the Cherokee Nation's motions. The Arkansas Department of Human Services filed a letter on April 9 also stating that it did not intend to file a brief in this case. We granted the Cherokee Nation's motion for expedited ruling, and we held that its motion to stay briefing schedule was moot on April 24. The motion for reversal and dismissal was passed until now.

The Cherokee Nation seeks to have its appeal dismissed in the current case because the issues presented have already been resolved based on the above language in *Elkins*. The Cherokee Nation contends that the *Elkins* decision renders this appeal moot. Generally, an issue is considered moot if any judgment or opinion issued by the court would have no practical effect upon a then existing legal controversy.[3] A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.[4]

---

[2]*See Elkins v. Ark. Dep't of Hum. Servs.*, 2024 Ark. App. 204, at 20–21, 686 S.W.3d 885, 896.

[3]*Poland v. Poland*, 2017 Ark. App. 178, 518 S.W.3d 98.

[4]*Id.*

We do not render advisory opinions, and an opinion rendered on an issue that is moot would be advisory.[5]

Here, the actions taken by the circuit court have already been reversed in *Elkins.* Therefore, there is no live controversy for this court to resolve, and the case is moot. Accordingly, we grant the Cherokee Nation's motion and dismiss the appeal as moot.

Motion granted; appeal dismissed.

BARRETT and THYER, JJ., agree.

*Dusti Standridge*, for appellant.

One brief only.

---

[5]*Id.*